Ms. Shelbie Huff c/o Kay Barnhill Terry State Personnel Administrator Office of Personnel Management Department of Finance and Administration
1509 West Seventh Street, Suite 201 Little Rock, Arkansas 72203-3278
Dear Ms. Huff:
You have requested my opinion regarding the Arkansas Freedom of Information Act ("FOIA"). The basis for your request is A.C.A. § 25-19-105(c)(3)(B)(i) (Supp. 2009), which authorizes the custodian, requester, or the subject of employee-evaluation records to seek an opinion from this office stating whether the custodian's decision regarding the release of such records is consistent with the FOIA.
It is my understanding that someone has requested "an electronic copy of [the names of] all state employees who retired since July 1, 2010 and later returned to state employment." The custodian has decided to release this information after, presumably, deciding that the requested records are personnel records.
RESPONSE
My statutory duty is to state whether the custodian's decision is consistent with the FOIA. Not having seen the actual document(s) the custodian intends to release, I cannot opine about whether any particular document is subject to the FOIA or about whether any information must be redacted from the record. I can say, however, that records reflecting the dates on which public employees begin and *Page 2 
end public employment are generally subject to release under the FOIA as personnel records.[1] Apart from what is discussed in note one, there is nothing unique about a retirement date (which is one way to end employment) that requires a different result.
The FOIA does not define the term "personnel records." But this office has consistently opined that "personnel records" are all records other than employee evaluation and job performance records that pertain to individual employees, former employees, or job applicants.[2] All "personnel records" are open to public inspection and copying except "to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy."[3] Whether a particular record constitutes a "personnel record," within the meaning of the FOIA is, of course, a question of fact that can only be definitively determined by reviewing the record itself.
Applying these rules to the present request, I conclude that the requested documents are personnel records. The requested documents seem to meet the two-part test of a personnel record. First, the dates on which a public employee begins and ends employment clearly "pertain to" that "individual employee." Second, such a record is, considered by itself, generally not considered an employee evaluation record. Accordingly, the custodian's decision to classify the requested document as a "personnel record" is probably accurate.
Finally, in my opinion, the release of public records stating public employees' names and the dates on which they started and terminated public employment does not rise to the level of a "clearly unwarranted invasion of personal privacy."
Therefore, in my opinion, the custodian's decision is consistent with the FOIA. *Page 3 
Assistant Attorney General Ryan Owsley prepared this opinion, which I hereby approve.
Sincerely,
DUSTIN MCDANIEL Attorney General
[1] For purposes of this opinion, I assume that the requested records are not "individual member records" covered by A.C.A. § 24-4-1003. See Op. Att'y Gen. 2009-157.
[2] See, e.g., Op. Att'y Gen. No. 1999-147; John J. Watkins Richard J. Peltz, THE ARKANSAS FREEDOM OF INFORMATION ACT, p. 187 (m m Press, 5th ed., 2009).
[3] A.C.A. § 25-19-105(b)(12) (Supp. 2009).